UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GERARDO REYES BENITEZ,

Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,

Respondents.

Case No.: 26-CV-2389 JLS (MMP)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

(ECF No. 1)

Presently before the Court is Petitioner Gerardo Reyes Benitez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5). For the reasons set forth below, the Court **DENIES** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner Gerardo Reyes Benitez, a native and citizen of Mexico, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since March 20, 2026, when he was on his way to work as a landscaper and tree trimmer. Pet. ¶ 12, 15. Petitioner entered the United States around December 2008, has

1

three minor U.S. children, and lives with his long-time partner. *Id.* ¶ 38. Petitioner's children are dependent on him economically, and he is currently undergoing proceedings to retain full custody of his children. *Id.* Petitioner was previously convicted of a felony under California Penal Code § 243(d). Ret. at 2, Ex. 3; Pet. ¶ 39. Therefore, Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1226(c).[1]

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /

/ / /

---

[1] California Penal Code § 243(d) covers aggravated battery. *See* Cal. Penal Code § 243(d). Section 1226(c) provides for the custody of any alien who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii). Petitioner argues that he is not subject to mandatory detention under § 1226(c) because "Section 243(d) is not categorically an aggravated felony or other qualifying offense under the Immigration and Nationality Act." Traverse at 2. Here, however, Petitioner has a felony conviction under California Penal Code § 243(d) for "battery against a person and serious bodily injury." Ret., Ex. 3 at 4. Therefore, the Court agrees with Respondents that § 1226(c) applies to Petitioner.

**DISCUSSION**

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has not established he is entitled to a bond hearing. Petitioner has been in custody for under two months, having been detained on March 20, 2026. Pet. ¶ 15. This length of detention falls short of the length that weighs in favor of granting a bond hearing. *Cf. Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). As the length of detention is the most important factor, *see Rash v. LaRose*, No. 26V0008-LL-DEB, 2026 WL 249324, at *4 (S.D. Cal. Jan. 30, 2026), the Court finds that due process concerns do not require ordering a bond hearing at this stage.

## CONCLUSION

In light of the foregoing, the Court **DENIES** the Petition for Writ of Habeas Corpus (ECF No. 1) **WITHOUT PREJUDICE**.  Petitioner may file a new petition should his detention become unreasonably prolonged.  As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  May 7, 2026

Hon. Janis L. Sammartino
United States District Judge

4